UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

Trent Baker
Baker & Associates PLLC
358 S 700 E B154
Salt Lake City, UT 84102
801-618-3359 office
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, ALFWEAR, INC.*

| | |
|---|---|
| **ALFWEAR, INC.** *Plaintiff,* v. **MAST-JAEGERMEISTER US, INC.,** **OPPERMANWEISS, LLC** *Defendant.* | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION** **JURY TRIAL DEMANDED** Magistrate Judge Paul M. Warner Civil Action No. 2:17-cv-00936-PMW |

## COMPLAINT

Plaintiff Alfwear, Inc. ("ALFWEAR") for its Complaint against Defendant Mast-Jaegermeister US Inc. ("JAEGER") and Oppermanweiss, LLC ("OPPERMAN") states and alleges as follows:

## THE PARTIES

1. Plaintiff ALFWEAR is a Utah company with a principal place of business at 4884 South 300 West Murray, Utah 84107.

2. Upon information and belief, Defendant JAEGER is a New York company with its principal place of business at 10 Bank Street White Plains, New York 10606.

3. Upon information and belief, Defendant JAEGER is the US distributor for the German corporation Jägermeisterstraße 7-15 38296 Wolfenbüttel Germany.

4. Upon information and belief, Defendant OPPERMAN is a New York company with its principal place of business at 55-59 Chrystie Street New York, New York 10002.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims under the Lanham Act.

6. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) - (c) and 1400(b) because JAEGER'S and OPPERMAN's contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this district.

7. The Court has person jurisdiction over JAEGER and OPPERMAN in this action because JAEGER and OPPERMAN have had, and continue to have, substantial, continuous and systematic contacts with the State of Utah and, this has purposefully availed themselves of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

## BACKGROUND FACTS

8. ALFWEAR has used the marks KÜHL and KUHL ("KÜHL marks") since at least as early as February 1, 1994, and has used the mark KÜHL in interstate commerce since at least as early as February 1, 1994 on or in connection with a wide variety of goods and services

9. ALFWEAR owns all right, title and interest in U.S. Trademark Registration No. 1,990,375 (See Exhibit

A) for the mark KÜHL (words plus design) for "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25" and "bottled spring water in class 032" which was registered as a trademark with the U. S. Patent and Trademark Office on July 30, 1996 and this registration has since achieved incontestable status under 15 U.S.C. Sec. 1065.

10. ALFWEAR owns all right, title, and interest in U.S. Trademark Registration No. 3,916,866 (See Exhibit B) for the mark KÜHL (words only) for " Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025 which was registered on February 8, 2011.

11. ALFWEAR owns all right, title, and interest in U.S. Trademark Registration No. 4,441,177 (See Exhibit C) for the mark KUHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025, "Lip balm" in International Class 003, and "Bottled water" in international class 032 which was registered on November 26, 2013.

12. ALFWEAR has been selling clothing and other products under the KÜHL marks since it least as early as 1994.   As a result of ALFWEAR's efforts, the KÜHL marks have become famous as indicating a source of ALFWEAR's products.

13. ALFWEAR's annual international sales in association with the KÜHL marks is over 200 million US dollars.

14. JAEGER and OPPERMAN caused an advertisement campaign containing the word KÜHL for alcoholic beverages to be published in multiple locations.   https://www.jagermeister.com/en-US ; https://twitter.com/JagermeisterUSA ; https://www.instagram.com/jagermeisterusa/ .

## CLAIM FOR RELIEF

### Federal Trademark Infringement

15. ALFWEAR repeats and realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 14 of this Complaint.

16. ALFWEAR in order to protect its KÜHL marks and put the whole world on notice filed for and obtained Registration No. 1,990,375 (See Exhibit A) for the mark KÜHL (words plus design) for "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25" and "bottled spring water in class 032" which was registered as a trademark with the U. S. Patent and Trademark Office on July 30, 1996 and this registration has since achieved incontestable status under 15 U.S.C. Sec. 1065. The mark is valid and subsisting and the registration has never been cancelled.

17. ALFWEAR in order to protect its KÜHL marks and put the whole world on notice filed for and obtained Registration No. No. 3,916,866 (See Exhibit B) for the mark KÜHL (words only) for " Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025 which was registered on February 8, 2011. The mark is valid and subsisting and the registration has never been cancelled.

18. ALFWEAR in order to protect its KÜHL marks and put the whole world on notice filed for and obtained Registration No. No. 4,441,177 (See Exhibit C) for the mark KUHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025, "Lip balm" in International Class 003, and "Bottled water" in international class 032 which was registered on November 26, 2013.

19. ALFWEAR's clothing is sold through retailers throughout the United States and in other parts of the world, in retailers that handle quality clothing.

20. ALFWEAR has invested substantial time, effort and financial resources promoting its KÜHL marks in connection with the marketing and selling of its clothing in interstate commerce.

21. The KÜHL marks have become well known through widespread and favorable public acceptance and recognition, as an asset of substantial value as a symbol of ALFWEAR, and its quality products and good will.  The consuming public recognizes the KÜHL marks and associates them with ALFWEAR.

22. ALFWEAR's KÜHL marks are inherently distinctive and famous as applied to ALFWEAR's goods that bear the mark.  The domain name for ALFWEAR's business and one location where its clothing can be ordered is www.kuhl.com.

23. Without ALFWEAR's consent, JAEGER and OPPERMAN have used phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" in connection with the advertising of JAEGER's goods and/or services.

24. JAEGER and OPPERMAN have engaged in its willful infringing activity despite having constructive notice of ALFWEAR's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of ALFWEAR's KÜHL marks.

25. JAEGER's and OPPERMAN's actions are likely to lead the public to conclude, incorrectly, that JAEGER's goods or services originate with, or are authorized by, ALFWEAR, which will damage both ALFWEAR and the public.

26. Upon information and belief, JAEGER and OPPERMAN have advertised and offered goods or services under the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" with the intention of misleading, deceiving or confusing customers as to the origin of JAEGER's goods or services while trading on ALFWEAR's reputation and good will.  JAEGER and OPPERMAN have incorporated almost identical marketing ethos based phrases associated with rule-breaking and rebellion with the "DRINK IT ICE KÜHL" and "KÜHL AS ICE" campaigns.

27. ALFWEAR has requested in writing that JAEGER cease and desist from its infringing actions (see Exhibit D).

28. JAEGER's and OPPERMAN's unauthorized use of the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause customer confusion, mistake and/or deception.

29. As a direct and proximate result of JAEGER's and OPPERMAN's trademark infringement, ALFWEAR has suffered and will continue to suffer loss of income, profits and goodwill and JAEGER and OPPERMAN have and will continue to unfairly acquire income profits and goodwill.

30. JAEGER'S and OPPERMAN'S acts of infringement will cause further irreparable injury to ALFWEAR if JAEGER and OPPERMAN are not restrained by this Court from further violation of ALFWEAR's rights.   ALFWEAR has no adequate remedy at law.

## Count 2
## Federal Unfair Competition

31. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 17 through 30, inclusive, as though fully set forth.

32. As a second ground for relief, ALFWEAR alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. JAEGER's and OPPERMAN's unauthorized marketing of alcoholic beverages in interstate commerce using the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" constitutes a false designation of origin, and/or false representation, that wrongfully and falsely indicates JAEGER's goods or services as

originating from, or connected with, ALFWEAR and constitutes a use of false descriptions or representations in interstate commerce.

34. JAEGER's and OPPERMAN's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

35. As a direct and proximate result of JAEGER's and OPPERMAN's unfair competition, ALFWEAR has suffered and will continue to suffer loss of income, profits and goodwill, and JAEGER and OPPERMAN have and will continue to unfairly acquire income, profits and goodwill.

36. JAEGER's and OPPERMAN's acts of unfair competition will cause further irreparable injury to ALFWEAR if JAEGER and OPPERMAN are not restrained by this Court from further violation of ALFWEAR's rights.   ALFWEAR has no adequate remedy at law.

## Count 3
## Common Law Unfair Competition

37. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 17 through 36, inclusive as if fully set forth.

38. As its third ground for relief, ALFWEAR alleges a violation of common law unfair competition.

39. JAEGER's and OPPERMAN's actions of using the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" causes confusion by the public and constitutes common law unfair competition.   ALFWEAR has no adequate remedy at law for damages caused by such common law unfair competition.

## Count 4
## Dilution

40. ALFWEAR realleges and incorporated by reference the allegations contained in paragraphs 17 through 39, inclusive as if fully set forth.

41. The KÜHL marks of ALFWEAR are strong and distinctive, have long been used in connection with ALFWEAR's goods on which it appears, has long been the subject of substantial advertising and promotion by ALFWEAR, has been used in advertising throughout the United States, and is widely recognized by customers and those in the trade, is substantially exclusively used by ALFWEAR and is federally registered as alleged above. ALFWEAR's KÜHL marks are recognized by the relevant consuming public of the United States as a designation of source for the goods of ALFWEAR and is therefore a famous mark.

42. The acts of JAEGER and OPPERMAN alleged herein were commenced from a time after ALFWEAR's mark became famous.

43. JAEGER and OPPERMAN have made use of the confusing phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" in connection with the goods or services which JAEGER has offered in the United States. JAEGER's and OPPERMAN's acts are in violation of the Lanham Act Section 43(c) in that they are likely to cause dilution by blurring, or by impairing the distinctiveness, of ALFWEAR's famous KÜHL marks, all to the irreparable injury to, and damage of, ALFWEAR.

44. JAEGER's and OPPERMAN's acts are in violation of the Lanham Act, Section 43(c) in that they are likely to cause dilution by tarnishment by harming the reputation of ALFWEAR's famous KÜHL marks, all to the irreparable injury and damage of ALFWEAR.

45. JAEGER and OPPERMAN committed these acts willfully and with the intention to create an association with ALFWEAR's famous mark. JAEGER and OPPERMAN willfully intended to trade on the reputation of ALFWEAR's famous mark. JAEGER and OPPERMAN willfully intended to harm the reputation of ALFWEAR's famous mark.

**ALLEGATION OF DAMAGE**

46. By reason of JAEGER's and OPPERMAN's acts alleged herein, ALFWEAR has and will suffer damage to its business, reputation and goodwill and the loss of sales or profits ALFWEAR would have made but for JAEGER's and OPPERMAN's acts.

47. JAEGER and OPPERMAN may continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ALFWEAR's irreparable damage.  It will be difficult to ascertain the amount of the compensation that would afford adequate remedy for such continuing acts, but such damage is in excess of the jurisdictional amount of this Court.  ALFWEAR's remedy at law is not adequate to compensate it for its injuries threatened.

## **PRAYER FOR RELIEF**

WHEREFORE, ALFWEAR prays that the Court enter an Order granting the following relief:

    a.    Entering a judgment that ALFWEAR's KÜHL marks have been and continue to be infringed by JAEGER and OPPERMAN in violation of 15 U.S.C. § 1114(1);

    b.    Entering a judgment that JAEGER's and OPPERMAN's use of the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" constitute dilution in violation of 15 U.S.C. § 1125(a);

    c.    Entering a judgment that JAEGER's and OPPERMAN's use of the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" constitute dilution in violation 15 U.S.C. § 1125(c);

    d.    Entering a judgment that JAEGER's and OPPERMAN's use of the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" violate common law unfair competition and infringes ALFWEAR's common law trademark rights;

    e.    Permanently enjoining and restraining JAEGER and OPPERMAN and each of its agents, officers, employees, attorneys, successors, assigns, affiliates and other persons in privy or active concert

or participation with any of them from using the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE", or any other designation, alone or in combination with other words or symbols, as a service mark, trade name or otherwise to market, advertise, distribute or identify JAEGER's services or goods, where that designation would create a likelihood of confusion, mistake or deception with ALFWEAR's mark;

  f. Pursuant to 15 U.S.C. § 1116(a), directing JAEGER and OPPERMAN to file with the Court and serve on ALFWEAR within thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which JAEGER and OPPERMAN has complied with the injunction;

  g. Pursuant to 15 U.S.C. § 1118, requiring JAEGER and OPPERMAN and all others under JAEGER's and OPPERMAN's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE";

  h. Ordering JAEGER and OPPERMAN to remove the p phrases "DRINK IT ICE KÜHL" and "KÜHL AS ICE" from any publications, advertisements, or websites.

  i. Awarding ALFWEAR all damages it sustained as a result of JAEGER's and OPPERMAN's acts of infringement, unfair competition or dilution, said amounts to be tripled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

  j. Awarding to ALFWEAR all profits received by JAEGER and OPPERMAN from sales or revenues of any kind made as a result of JAEGER's and OPPERMAN's infringing actions, said amount to be tripled, after an accounting pursuant to 15 U.S.C. § 1117;

  k. Awarding triple actual damages and/or profits pursuant to 15 U.S.C. § 1117(b) because JAEGER's and OPPERMAN's conduct was willful within the meaning of the Lanham Act;

l.     Awarding ALFWEAR its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from JAEGER's and OPPERMAN's deliberate infringing actions;

m.     Granting ALFWEAR such other and further relief to which the Court may deem just.


DATED: August 17, 2017

                                    Respectfully submitted,

                                    Trent Baker on behalf of ALFWEAR INC.
                                    Trent H. Baker, *attorney for plaintiff*
                                    Utah State Bar No. 8799

                                    BAKER & ASSOCIATES PLLC
                                    Registered Patent Attorney
                                    358 S 700 E B154
                                    Salt Lake City, Utah 84102
                                    Phone 801-618-3359
                                    Fax 801-665-1358
                                    trent@bakeriplaw.com