IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC.,<br><br>                Plaintiff,<br>v.<br><br>MAST-JÄGERMEISTER US, INC., and OPERMANWEISS, LLC.<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR AMENDMENT OF AMENDED SCHEDULING ORDER<br><br>Case No. 2:17-cv-936 TC DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

      This matter is referred to the undersigned from District Judge Tena Campbell. (ECF No. 46.) Before the court is Defendants' Motion for Amended Scheduling Order. ([ECF No. 66](#).) Defendants seek an extension of time due to the unfortunate and unexpected passing of Defendants' former lead counsel, Conrad S. Kee, on October 13, 2019. As set forth below the court will grant the request in part and enters an amended schedule.[1]

## BACKGROUND

      This case involves the alleged infringement and dilution by Defendants of Plaintiff Alfwear, Inc.'s federal trademarks on its outdoor clothing and accessories. Plaintiff manufactures and sells outdoor clothing and accessories under the brand name KÜHL (cool in German). Plaintiff asserts Defendants infringed their trademarks based on the use of the German word KÜHL in certain materials.

      On October 13, 2019, Defendants' former lead counsel, Conrad S. Kee of the Jackson Lewis law firm, unexpectedly passed away in Helsinki, Finland at the age of 57, while traveling

---

[1] Pursuant to DUCivR 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

to meet his children for vacation. Mr. Kee was the Office Managing Principal for Jackson Lewis' Salt Lake City office and "the only attorney with the requisite experience to handle this matter." ([ECF No. 66](#) p. 7.) Mr. Kee "directed all case strategy, discovery efforts, motion practice, and trial preparation" for Defendants in this case. *Id.* Defendants' current remaining counsel aver that they lack the experience to adequately represent Defendants and have sought to assist Defendants in obtaining new counsel. A conditional acceptance of representation by the new firm Gordon & Rees LLP has been obtained. The acceptance is based in part on the outcome of this motion.

The operative Amended Scheduling Order set forth deadlines anticipating an eight-day jury trial that is currently set for February 24, 2020. ([ECF No. 61](#).) Some of these deadlines include: expert disclosure counter reports due on October 30, 2019; a dispositive motion deadline of November 29, 2019; and a November 29, 2019 deadline for filing partial or complete motions to exclude expert testimony. ([ECF No. 61](#).) The day following the discovery of Mr. Kee's unexpected passing by Jackson Lewis, Plaintiff's counsel agreed to a 30-day extension of the expert disclosures and expert discovery cutoff. Defendants now seek to vacate the prior operative scheduling order and request "setting new fact and expert discovery and pre-trial deadlines that will allow Defendants' proposed counsel time to get up to speed, serve Defendants' expert disclosures, file any dispositive and potentially dispositive motions or motions addressing expert discovery, and, if necessary, conduct additional fact and expert discovery." ([ECF No. 66](#) p. 14.)

DISCUSSION

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted); *see also Tesone v. Empire Mktg. Strategies*, 2019 WL 5850395, at *4-5 (10th Cir. 2019) (setting forth the standards for good cause). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotations omitted). Carelessness and a mere failure by counsel to proceed promptly with the normal discovery process and trial preparation are not compatible with finding good cause. *See Tesone,* 2019 WL 5850395, at *5-6 (citing cases).

"[T]rial courts have considerable discretion in determining what kind of showing satisfies this ... good cause standard." 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019). In making this determination, "the factor on which courts are most likely to focus ... is the relative diligence of the lawyer ... who seek[s] the change." *Id.* " '[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.*

Defendants have made the good cause showing required under Rule 16. The passing of Mr. Kee was not foreseeable nor the fault of Defendants. Defendants have been diligent in seeking new counsel and refusing a continuance will create an unfair disadvantage to Defendants. Plaintiff argues it will be prejudiced by allowing a continuance, alleging the

resulting prejudice is "incalculable if the trial is pushed back six months – or longer – and discovery is reopened, solely to accommodate the schedule of Defendants' proposed counsel and their desire to relitigate and delay this case." ([ECF No. 67](#) p. 10.) The court is not entirely persuaded by Plaintiffs position. Presuming Plaintiff prevails at trial, additional financial damages could be calculated. The "irreparable damage" Plaintiff asserts is unsupported in its opposition and in any event, appears compensable on the record before the court.

The court, however, is persuaded that fact discovery should not begin anew. The fact discovery deadline was February 1, 2019, ([ECF No. 47](#).) and notwithstanding some additional stipulations by the parties to move certain deadlines, the fact discovery deadline was not changed. The record does demonstrate that the parties have been producing information in response to fact discovery requests after that deadline, but that does not mean that fact discovery should be reopened for new requests. Fact discovery had long since concluded when Mr. Kee passed away and Defendants do not demonstrate good cause to move that deadline.

Having found good cause for the delay due to the death of Defendants' lead counsel and Defendants diligence in seeking new counsel, the court enters the following amended deadlines, which also take into account the court's requirements for time between the deadline for dispositive motions and trial:

    Expert Disclosures and Reports:  3/06/20

    Last day for expert discovery:  3/20/20

    Deadline for filing dispositive or potentially dispositive motions:  4/17/20

    Deadline for filing partial or complete motions to exclude expert testimony:  4/17/20

    Rule 26(a)(3) Pretrial Disclosures

        Plaintiff: 7/10/20

Defendant: 7/24/20

Special Attorney Conference on or before: 8/7/20

Settlement Conference on or before: 8/7/20

Final Pretrial Conference: 8/31/20 at 3:00 p.m.

Jury Trial: 8-day jury trial starting 9/21/20 at 8:30 a.m.

ORDER

Defendants' Motion for Amendment of Amended Scheduling Order is therefore GRANTED IN PART.

DATED this 18 December 2019.

_____
Dustin B. Pead
United States Magistrate Judge