IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAST-JÄEGERMEISTER US, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION <br><br> Case No. 2:17-cv-00936-TC-DBP <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Dustin B. Pead |

Pending before the court is Plaintiff Alfwear, Inc.'s (KÜHL) Short Form Discovery Motion regarding Defendant Mast-Jägermeister, Inc's (Jägermeister) response to Request for Production (RFP) No. 38. (ECF No. 105.) The court has carefully considered Plaintiff's motion along with the accompanying exhibits and will decide the motion on the basis of the written submissions of the parties. DUCivR 7-1(f). The fact discovery deadline has long passed and in any event, Defendant provided an adequate supplemental response that Plaintiff failed to address in any meaningful meet and confer before filing this motion. Thus, as set forth below the court denies Plaintiff's motion.

Plaintiff takes issue with Defendant's response to its RFP 38, which states: "Produce all communications and documents and electronically stored information concerning clothing that Jägermeister has sold or distributed or caused to be sold or distributed." (ECF No. 105-1 p. 8.) After objecting that it was overly broad and unduly burdensome, Defendant responded: "Jägermeister does not sell clothing items, nor has it sold clothing items for multiple years. Jägermeister has distributed clothing for promotional and marketing purposes." *Id.* at p. 8-9. Time passed and the parties did not pursue any further issues with RFP 38. Fact discovery closed in February 2019 (ECF No. 47) and the deadline for expert discovery has also now long since

passed. In February 2020, KÜHL's counsel learned from a source outside this litigation, that "Jägermeister's response is inaccurate because it sells apparel to U.S. consumers." (ECF No. 105 p. 2.) KÜHL then submits a screenshot from Jägermeister's website that shows apparel that is available for purchase. KÜHL argues Defendant had an obligation under Federal Rule 26(e) to "timely supplement" its response to RFP No. 38 and asserts "whether and to what extent Jägermeister sells apparel to consumers" is highly relevant to a possible showing of a "likelihood of confusion" in this trademark infringement case. *Id.* at p. 3.

The court agrees that a likelihood of confusion is important in a trademark case, the problems here however, are twofold. First, is the timing of Plaintiff's motion, which is brought over a year after fact discovery has concluded. Motions to compel may be denied as untimely. *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) (upholding district court decision to deny motion to compel as untimely); *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir.2005) (per curiam) (noting the district court had discretion to deny motion to compel as untimely); *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) ("The district court has discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness." (brackets and internal quotation marks omitted)). Second, Jägermeister provided a supplemental response, which KÜHL never responded to, that the court finds is sufficient. Jägermeister responded:

> So that there is no confusion, we have confirmed that at all times relevant, Jägermeister never had any plan to sell or distribute (for promotional, marketing, or any other purpose) any item of clothing or apparel with the word KÜHL depicted thereon. Jägermeister has never sold any clothing or apparel bearing the word KÜHL. Jägermeister is unaware of any item of Jägermeister clothing or apparel ever bearing the word KÜHL. However, it is possible that someone without proper authority (e.g., a local distributor) may have ordered a small run of shirts or other apparel that included the word KÜHL without Jägermeister's

> knowledge or permission. But, Jägermeister is not aware that ever occurred. We will supplement Jägermeister's response to RFP No. 38 with the forgoing.

(ECF No. 106-1 p. 8-9.) There is no record that KÜHL responded to this supplement despite multiple opportunities to do so. Instead, Plaintiff forged ahead with its motion. "It is within the Court's discretion to deny a motion to compel for failure to comply with the meet-and-confer requirements set forth in Rule 37 and corresponding local rules." *United States v. United Park City Mines Co.*, 2019 WL 5637413, at *1 (D. Utah Oct. 31, 2019) (citing *Schulte v. Potter*, 218 F.App'x 703, 709 (10th Cir. 2007). And, Plaintiff's pro forma meet and confer attempt here was lacking.

Accordingly, Plaintiff's Short Form Discovery Motion is DENIED.

IT IS SO ORDERED.

DATED this 2 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge