IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC., <br>     Plaintiff, <br><br> v. <br><br> MAST-JÄGERMEISTER, INC. and OPPERMANWEISS, LLC, <br><br>     Defendant. | ORDER AND MEMORANDUM DECISION <br><br> Case No. 2:17-cv-936 <br><br> Judge Tena Campbell |

Plaintiff Alfwear, Inc., filed a motion for preliminary injunction against Defendant Mast-Jägermeister, Inc., on December 27, 2019. (ECF No. 74.) For a variety of reasons, Mast-Jägermeister did not respond to Alfwear's preliminary injunction motion until September 17, 2020. (ECF No. 124.) On October 1, 2020, Alfwear requested that the court consolidate its preliminary injunction motion with this case's trial on the merits, scheduled for March 29, 2021. (ECF No. 132.) For the reasons set forth below, the court orders that Alfwear's motion for preliminary injunction be consolidated with trial.

## BACKGROUND

Alfwear filed a complaint against Mast-Jägermeister on August 17, 2017, alleging federal and common law trademark infringement, federal unfair competition, and dilution of Alfwear's registered trademark, KÜHL. (ECF No. 2.) Over the nest two years, the parties proceeded with discovery.

On December 27, 2019, Alfwear filed a motion for preliminary injunction. (ECF No. 74.) Mast-Jägermeister moved *ex parte* to stay its obligation to respond to the preliminary injunction

motion until March 6, 2020, and the court granted Mast-Jägermeister's stay. (ECF No. 82.) Shortly after, the parties stipulated to extend the March 6 response deadline to April 3, in order to accommodate the completion of expert depositions. (ECF No. 92.) In early March, the COVID-19 virus reached the United States and prevented the expert depositions from being completed before the deadline.

Due to the COVID-19 pandemic, the court ordered the parties to propose a new joint stipulated schedule. (ECF No. 104.) The parties agreed to extend the deadline of Mast-Jägermeister's response to the preliminary injunction motion to July 22, 2020. (ECF No. 114.) Later, Alfwear moved to extend other deadlines for expert discovery, dispositive motions, and motions in limine. (ECF No. 119.) The court granted Alfwear's motion, which necessitated extending Mast-Jägermeister's response deadline to the preliminary injunction motion until September 18, 2020. (ECF No. 123.) Mast-Jägermeister filed its response on that date, almost nine months after Alfwear originally moved for a preliminary injunction. Alfwear submitted its reply to Mast-Jägermeister's response on October 1, 2020.

## ANALYSIS

Alfwear now requests that the court consolidate its preliminary injunction motion with this case's trial on the merits for a permanent injunction. "[I]n order to consolidate resources so close to the trial date and to avoid further delays of the trial date pending resolution of pretrial matters, Alfwear defers its Motion—and substantive arguments in reply to the Opposition—for trial." (Pl.'s Reply at 2., ECF No. 132.)

Federal Rule of Civil Procedure Rule 65(a)(2) permits a court to consolidate a preliminary injunction hearing with a trial on the merits "before or after the commencement of the hearing of an application for a preliminary injunction." Fed. R. Civ. P. 65. The decision to

consolidate a preliminary injunction with trial is within the district court's discretion. <u>American Train Dispatchers Dep't of Int'l Brotherhood of Locomotive Engineers v. Fort Smith R. Co.</u>, 121 F.3d 267, 270 (7th Cir. 1997); <u>Morrison & Foerster, LLP v. Wick</u>, 94 F. Supp. 2d 1125, 1128–29 (D. Colo. 2000.) Parties must receive clear and unambiguous notice of the court's intent to consolidate the trial and the preliminary injunction hearing. <u>Univ. of Texas v. Camenisch</u>, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981)

Under Rule 65(a)(2), consolidation is designed to "efficiently expedite final disposition of an injunctive action." <u>Citizens Concerned for Separation of Church & State v. City & Cty. of Denver</u>, 628 F.2d 1289, 1298–1299 (10th Cir. 1980). Consolidation is meant to avoid the same evidence being presented twice, first at the preliminary injunction stage and later at trial at the permanent injunction stage. <u>Id.</u> at 1299. For example, when the relief demanded by the complaint is the same as the relief in the motion for preliminary injunction, consolidation is warranted. <u>See Osage Nation ex rel. Osage Minerals Council v. Wind Capital Grp., LLC</u>, No. 11-CV-643-GKF-PJC, 2011 WL 5864368, at *1 (N.D. Okla. Nov. 22, 2011).

In its complaint, Alfwear seeks a permanent injunction enjoining Mast-Jägermeister from using the mark KÜHL. (ECF No. 2 at 9–10.) In its motion for preliminary injunction, Alfwear seeks essentially the same relief. (ECF No. 74 at 2.) Alfwear acknowledges that consolidating the preliminary injunction proceeding with trial on the merits will still allow it "to seek the relief that it needs." (Pl.'s Reply at 4., ECF No. 132) Alfwear also points out that "since the trial is slated to take place early next year and the parties anticipate substantial motion practice on other pretrial matters in the interim," consolidation is justified. (<u>Id.</u>)

The court agrees: because both proceedings involve the same evidence, consolidating the proceedings will be a more effective use of time and resources. Seven months have gone by

since Alfwear filed for a preliminary injunction. And this was already two years after Alfwear initiated this lawsuit against Mast-Jägermeister. Trial is scheduled to take place in five months. To avoid duplicative proceedings and further delays, whether Alfwear is entitled to a preliminary injunction is a matter that will be consolidated with this case's trial on the merits.

## CONCLUSION

For the foregoing reasons, the court ORDERS CONSOLIDATION of Alfwear's Motion for Preliminary Injunction with the trial scheduled for March 29, 2021.

DATED this 7th day of October, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL

U.S. District Court Judge