IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWARE, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>MAST-JÄEGERMEISTER US, INC.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PREVAILING PARTY ATTORNEY'S FEES<br><br>Case No. 2:17-cv-00936-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Mast-Jäegermeister US, Inc.'s ("MAST-JÄEGERMEISTER") Motion for Attorney's Fees and Costs. (ECF No. 243).[1] Defendant seeks "$921,956.55 in reasonable attorney's fees and $450,514.75 in nontaxable costs." (ECF No. 243 p. 34.) MAST-JÄEGERMEISTER moves for these attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), Fed. Rule of Civ. P. 54, and Local Rule 5As set forth below, the court finds this is not an exceptional case and therefore denies the motion for attorney's fees and denies the request for costs.

## BACKGROUND

Plaintiff Alfwear, Inc. ("ALFWEAR") filed suit against MAST-JÄEGERMEISTER for federal trademark infringement, dilution, and unfair competition under federal and common law, primarily alleging the improper use of the word "KÜHL" in the advertisement of MAST-JÄEGERMEISTER's German liqueur. After several years of litigation, MAST-JÄEGERMEISTER moved for summary judgment on all claims. On February 2, 2021, the court

---

[1] The motion is referred to the undersigned from District Judge Tena Campbell. (ECF No. 282.) The court elects to decide the motion on the basis of the written memoranda. See DUCivR 7-1.

granted MAST-JÄEGERMEISTER's motion and entered judgment. (ECF No. 240, ECF No. 252.) MAST-JÄEGERMEISTER now moves for its attorney's fees and costs as the prevailing party.

## DISCUSSION

Under the Lanham Act, a court may award attorney fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). There is no dispute that MAST-JÄEGERMEISTER is the prevailing party via summary judgment, thus the court is only required to determine if this case is exceptional.[2] "Although no one factor is dispositive, a case may be deemed exceptional because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well." *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 594 (10th Cir. 2007) (*citing Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000)). The Supreme Court further clarified that exceptional cases are those that "stand[] out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness,* 572 U.S. at 546 (interpreting identical language in the Patent Act); *See also Derma Pen, LLC v. 4Ever Young Ltd.*, 999 F.3d 1240, 1243 (10th Cir. 2021) (holding that the interpretation in *Octane* should also be used in an Lanham Act attorney fee analysis and that the *King* factors

---

[2] Much of the briefing by MAST-JÄEGERMEISTER is related to the reasonableness of the attorneys' fees request. The court makes no finding as to the reasonableness of the amount of attorney fees requested because ultimately, the court determines this case is not exceptional.

are still useful in helping identify exceptional cases). Additional relevant factors can include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane*, 572 U.S. at 554 n. 6. Ultimately, the totality of the circumstances helps determine whether a case is "exceptional." *See Id.* at 554.

In awarding fees under the Lanham Act previously, this court cited to factors such as "willfully deceiving consumers, failing to produce pertinent evidence, and abusing the discovery process." *Vitamins Online, Inc. v. HeartWise, Inc.*, 2020 WL 6581050 at *25 (D. Utah November 10, 2020) (finding the totality of circumstances created an exceptional case warranting the award of attorney fees and costs). In another case before this court, the court noted even more egregious conduct. *See Derma Pen, LLC v. 4EverYoung Ltd.*, 2019 WL 2929525 at * 1 (D. Utah July 8, 2019) (noting the party produced "*no evidence* of damages", the trademark in question was abandoned and where monetary sanctions were imposed during the discovery process). *See also Hunter Douglas, Inc. v. Great lake Woods, Inc.*, 2019 WL 1375675 at * 15 (D. Colorado March 27, 2019 (finding the non-prevailing party "had no objectively reasonable basis to contend their [patent] did not infringe the [Plaintiff's patent]."); *Xlear, Inc. v. Focus Nutrition, LLC*, 2017 WL 3049428 at * 2 (D. Utah July 18, 2017) (noting the non-prevailing party lacked objective merit in the claim, made no effort to engage in any discovery whatsoever, and did not respond to the opposing parties' discovery requests) (*rev'd on other grounds*, 893 F.3d 1227 (10th Cir. 2018)).

## I.   ALFWEAR did not engage in overly Aggressive Litigation tactics

MAST-JÄEGERMEISTER directs the court to eight discrete facts it claims support the assertion that this case is exceptional because of ALFWEAR's "aggressive litigation tactics." The court is not persuaded the alleged facts are sufficient to conclude that ALFWEAR litigated

unreasonably. For example, while generally an informal compromise is preferred to lengthy and expensive litigation, failing to resolve a dispute informally is not compelling evidence that a particular case is exceptional. If failing to resolve a dispute informally was the standard, nearly every case decided on summary judgment, such as this one, would be considered exceptional. Likewise, the filing of proceedings in different jurisdictions or venues regarding similar disputes does not weigh in favor of finding this an exceptional case. The TTAB and Southern District of New York proceedings were brought as apparent alternative mechanisms for MAST-JÄEGERMEISTER to protect its rights. The court does not weigh this as an overly aggressive move by ALFWEAR in pursuing its trademark infringement claim.

MAST-JÄEGERMEISTER next asserts that ALFWEAR's filing for a preliminary injunction two years after the case started weighs in favor of the case being exceptional. While filing a motion for injunctive relief is *generally* made at the inception of the case, the rules do not require it. *See* Fed. R. Civ. P. 65. ALFWEAR was within its rights to seek an injunction during the pendency of this case. MAST-JÄEGERMEISTER further claims that filing the motion on December 27th, two days after Christmas, and while MAST-JÄEGERMEISTER was seeking substitute counsel, weighs in favor of demonstrating this is an exceptional case. ALFWEAR was within its rights to seek an injunction. The court was open for business on December 27th and thus it is not unreasonable to allow filings on that date. The fact that ALFWEAR sought its motion while Defendant was seeking substitute counsel does weigh slightly in favor of finding this case as exceptional. But, this fact taken in context with the others in the record, does not tip the scales in Defendant's favor. ALFWEAR did not engage in unreasonable litigation tactics, rather based on the facts before the court, ALFWEAR engaged in hard-fought litigation practices that often appear before the court. Moreover, as noted by ALFWEAR in its opposition, MAST-

JÄEGERMEISTER engaged in similar hard-fought litigation practices. (ECF No. 268 p. 22.) There is nothing about how this case was litigated that makes it "stand out" above other trademark or patent litigation. *See, e.g., Derma Pen*, 2019 WL 2929525 at * 1.

## II.    Presence of a Meritorious claim

A case can be found exceptional if the case lacks any foundation, or if the plaintiff brought the case in bad faith. *See King*, 485 F.3d at 594. "To prevail in a trademark infringement claim, a plaintiff must establish that (1) it has a legal right to a mark and (2) that the defendant's use of a similar mark is likely to generate consumer confusion." (ECF No. 240 p. 5.) (*citing Affliction Holdings, LLC v. Utah Vap or Smoke, LLC*, 935 F.3d 1112, 1114 (10th Cir. 2019)). It is undisputed that ALFWEAR has a legal right to use the "KUHL" mark. The main issue in this case was whether MAST-JÄEGERMEISTER had the right to use the word. This question turned on whether MAST-JÄEGERMEISTER's use of the word generated consumer confusion. In ruling on MAST-JÄEGERMEISTER's motion for summary judgment, the court stated, "the majority of the factors demonstrate that there is no likelihood of confusion between the parties' use of KÜHL. Although the third factor—actual confusion—*weighs slightly in favor of ALFWEAR*, the remaining factors strongly support Mast-Jägermeister." (ECF No. 240 p. 6.) (emphasis added). While the majority of factors weighted in favor of MAST-JÄEGERMEISTER, not *all* of the factors did. Therefore, while ALFWEAR was ultimately defeated on the merits of this case, the case was not without merit. The court is further persuaded that the case was sufficiently meritorious from its inception because Judge Campbell denied MAST-JÄEGERMEISTER's motion to dismiss from the bench on May 23, 2018. (ECF No. 39.)

MAST-JÄEGERMEISTER claims that ALFWEAR brought this case as an attempt to "harass" MAST-JÄEGERMEISTER. Defendant, however, fails to provide sufficient facts to

support this assertion. Therefore, the court is without a satisfactory factual basis to hold that the intentions of ALFWEAR were solely to harass MAST-JÄEGERMEISTER.[3]

In sum, the court in exceptional cases may award reasonable attorney fees to the prevailing party. 15 U.S.C.A. § 1117. Based on the totality of circumstances before it, the court finds this case is not exceptional. Thus the court denies Defendant's Motion seeking reasonable attorney fees as the prevailing party.

## III.    Recovery of Costs.

MAST-JÄEGERMEISTER also seeks recovery of its non-taxable costs and fees under Rule 54, and the Lanham Act. Defendant seeks costs and fees for the following: 1) attorney's fees in related actions filed with the Trademark Trial and Appeal Board (TTAB) and the Southern District of New York; 2) expert witness fees and costs in the amount of $411,905.25; 3) payments made to Cross Media in the amount of $6,000; 4) costs of $22,789.90 incurred in utilizing the service of KL Discovery; 5) messenger costs of $3,865.88; 6) the TTAB filing fee of $4,100; and 7) travel expenses of $1,852.72. (ECF No. 243 p. 21-27.)

As a starting point, the Lanham Act provides that the "plaintiff shall be entitled … to recover … costs of the action." 15 U.S.C. § 1117(a). Thus the plain language of the statute bars MAST-JÄEGERMEISTER's request to the extent it seeks non-taxable costs and fees under the first section of the Lanham Act because MAST-JÄEGERMEISTER is the Defendant. *See San Diego Comic Convention v. Dan Farr Prods.*, 807 Fed. Appx. 674, 677 (9th Cir. 2020) (noting under the Lanham Act, successful plaintiffs are entitled to the costs of the action); *Coble v. Renfroe*, 2012 WL 1077843 at *1 (W.D. Washington March 29, 2012) (finding that the costs of

---

[3] The court has reviewed the docket looking for evidence of harassment from ALFWEAR toward MAST-JÄEGERMEISTER and has not found any evidence to support this claim. Instead, it appears this argument is analogous to those made regarding ALFWEAR's litigation tactics that the court already found do not support this case as being exceptional.

an action "may be recovered only by the plaintiff"); 15 U.S.C. § 1117(a) ("the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action").

Next, Defendant's reliance upon this case as being "exceptional" for awarding costs and fees is foreclosed by the court's prior finding that this is not an exceptional case. Thus the cases Defendant relies on for this proposition are inapposite. *See, e.g., Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988) (noting that an award of reasonable expert witness fees is permissible "only upon a finding of [an] 'exceptional case'"); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921-22 (Fed. Cir. 2012) (upholding an award of expert witness fees based upon "vexatious conduct and bad faith"); *Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-CV-651 JLS (MDD), 2018 WL 325025, at *13 (S.D. Cal. Jan. 8, 2018) (discussing the court's inherent power to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute "provided that the non-prevailing party acted in bad faith or fraudulently").

There is no bad faith, fraudulent behavior, vexatious litigation, or totality of circumstances making this case exceptional. As such, Defendant's request for attorney's fees in the related actions filed with the TTAB and the Southern District of New York are denied. Likewise, Defendant's request for expert fees is denied. Any request for expert fees under Federal Rule 54(d) is also foreclosed by the Supreme Court's prior holding in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 437, 441 (1987), where the Court held Rule 54(d) authorizes an award of costs, but does not expressly refer to expert witness fees. *See also, Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) (stating that case law establishes a clear rule that a "statute awarding 'costs' will not be construed as authorizing an award of litigation expenses

beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect."). Having made these determinations, the court turns to Federal Rule 54.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. Fed. R. Civ. P. 54. Whether or not a prevailing party shall be awarded costs is "within the court's sound discretion." *Homestake Mining Co. v. Mid–Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir.1960). The Tenth Circuit has noted that Rule 54 "creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Thus the established rule is that costs are generally awarded to the prevailing party. *See id.* The burden is on the non-prevailing party to overcome the presumption. And, when a "district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial." *Id.*

The remaining costs and fees sought by Defendant include: payments made to Cross Media in the amount of $6,000; costs of $22,789.90 incurred in utilizing the service of KL Discovery; messenger costs of $3,865.88; the TTAB filing fee of $4,100; and travel expenses of $1,852.72.

The fees from Cross Media for $6,000 were incurred in support of expert witness testimony to obtain data on Defendant's advertisement with "kühl" during the relevant time period. The court denies this request based upon Supreme Court precedent, *see Rimini St.,* 139 S. Ct. 873, 878, and the court's finding that this case is not exceptional.

Defendant notes that the $22,789.90 payment made for services from KL Discovery was for "tasks its attorneys and legal assistants did not and could not do—namely, conversion of electronically stored information into readable litigation production format with database

systems able to accommodate the large volume of electronically stored documents and metadata in this case." (ECF No. 276 p. 22.) MAST-JÄEGERMEISTER then requests the court award these fees "under the Court's inherent powers to award costs in exceptional cases under the Lanham Act." *Id.* Because the court found this is not an exceptional case this request is denied.

Finally, each of the remaining fees and costs sought by Defendant rely upon cases and circumstances that are not present in this case. For example, fees for postage, FedEx, UPS and messenger services were awarded in a copyright case under the explicit statutory authority found in 17 U.S.C. § 505 that is not present here. *See Hacienda Recs., LP v. Ramos*, 2019 WL 93306, at *9 (S.D. Tex. Jan. 3, 2019). And, Ninth Circuit authority, which is non-binding, where "'attorney's fees under the Lanham Act may also include reasonable costs that the party cannot recover as the 'prevailing party' as long as such costs are reasonably incurred.'" *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, 2018 WL 2948532, at *1 (S.D. Cal. June 12, 2018), report and recommendation adopted, No. 17CV466-LAB (NLS), 2018 WL 3032585 (S.D. Cal. June 19, 2018) (quoting *Dropbox, Inc.. v. Thru Inc.*, 2017 WL 914273, at *5 (N.D.Cal. Mar. 8, 2017)). Attorney's fees were not awarded to Defendant in this case, and there is no basis to grant these additional fees and costs outside the six categories listed in §§ 1821 and 1920. *See Rimini Street*, 139 S. Ct. 873, 878.

ORDER

For the reasons set forth above, MAST-JÄEGERMEISTER's Motion is DENIED.


IT IS SO ORDERED.

DATED this 17 September 2021.

_____

Dustin B. Pead
United States Magistrate Judge